ALFRED WOODWARD, Appellant, *v.* DANIEL WOODWARD, JUNIOR, Appellee.

### APPEAL FROM STARK.

Where the real contest between litigants is the question, Whether the title to the property in dispute belongs to one of the litigants, or a third person:—

*Held,* that a submission by the litigants of the matters in difference between them and such third person, to arbitrators, and their award thereon, did not render such submission and award admissible in evidence between them, as without the consent of such third person, the award was of no binding force.

*Held,* also, that when the award did not determine the ownership of property, it was inadmissible on that ground upon the question of title to such property. Under either of the issues of *non cepit,* or *non detinct,* it is incumbent on the plaintiff to prove that the defendant had acquired possession of the property wrongfully, or that he had it under his control, and refused to surrender it on demand.

THIS was an action of replevin brought by the appellee against the appellant, at the September term, 1851, of the Stark Circuit Court, KELLOGG, Judge.

It was tried by a jury at said term, and verdict for plaintiff below, and judgment thereon. The defendant below excepted to the decisions of the court below admitting certain evidence on the trial, and appealed.

The exceptions and facts sufficiently appear in the opinion of the court.

PETERS and SHELLENBERGER, for appellant.

MANNING and DOUGLASS, for appellee.

TREAT, C. J. The court erred in admitting in evidence the submission and award. The case showed that the real contest between the parties was, whether the property in dispute be-

longed to the appellee or his father. Those proceedings did not tend to settle that question. They neither showed title in the appellee, or out of the father. They were had without the authority of the father, and against his consent, and consequently were not binding upon him. The sons, indeed, referred to the decision of arbitrators the existing differences between the appellee and their father. But as the latter did not authorize the reference, nor assent to what was done under it, the award was without any binding force. Even if the submission had been authorized by him, the award would not be competent evidence upon the question of title to the property. The arbitrators did not undertake to determine the matter of ownership. They simply decided that the property alleged by the appellant to belong to the father was not sufficient in value to discharge the indebtedness of the latter to the appellee. They did not determine that it belonged to the appellee; nor did they award it to him in payment of the indebtedness. The question of ownership was left open and undecided. In no point of view was the evidence admissible. As it may have misled the jury, the judgment must be reversed.

The appellee was not entitled to a verdict on either of the issues of *non cepit* or *non detinet.* It was incumbent on him to prove a caption or detention of the property by the appellant. The evidence failed wholly to show, either that the appellant had taken the property or detained it from the appellee. On the contrary, he neither claimed the title nor interfered with the possession. The property was brought to his premises by the father, who resided with him, and who claimed it as his own. There was nothing in the case to show, that the appellee might not have obtained it without a resort to legal process. As the appellant did not in any manner prevent the appellee from recovering the possession of the property, he was in no default, and ought not to be compelled to pay the costs of determining the title to it. In order to maintain the action, it was necessary to prove that the appellant had acquired the possession of the property wrongfully; or, that he had it under his control, and refused to surrender it to the appellee upon demand by him. See Ingalls *v.* Buckley, 13 Illinois, 315.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*