## Wabash Railroad Company v. Edward L. House.

101   397
d114   254

1. COMMON CARRIERS—*What Does Not Constitute Such a Wrongful Detention by the Carrier as Will Sustain an Action of Replevin.*—Mere delay in transportation, when no demand for the return of the goods is made, does not constitute such a wrongful detention by a common carrier as will sustain an action of replevin against him. It may sustain an action for a breach of the contract to transport with diligence, but there is lacking the element, essential to replevin, of either a wrongful taking or a wrongful detention upon demand.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1901. Reversed. Opinion filed March 31, 1902.

Appellee is lessee of certain chattels, being theatre scenery, properties, etc., which were leased to him by one P. Harry Liebler. One Newell was appellee's manager in his theatrical business. Appellant undertook, as a common carrier, to transport the goods in question from Chicago to Detroit for appellee. The shipment was to be made on Saturday, January 2, 1897. Joseph Abacco sued out a writ of attachment in the court of a justice of the peace directed against Newell, "Libril" and "Heuston," and after the goods were being loaded upon the cars for shipment, a constable served the writ by summoning appellant as a garnishee. The goods were held by appellant on the car from Saturday night, when the writ was served, until the Monday following, when the goods were forwarded to Detroit. In the interval of delay negotiations were had between attorneys representing appellant, appellee, and with the constable. The latter, although at one time insisting that he had levied the writ upon the goods, yet refused to take the goods when requested to do so by the parties, and the writ was finally returned by him as served only upon appellant as garnishee. Upon Monday the appellee brought this suit in replevin, and upon the service of the writ upon appellant the goods were left with appellant to be forwarded by it to Detroit. Shipment was made, and appellee thereafter prosecuted the replevin suit to recover his dam-

ages for the delay in the shipment from Saturday until Monday.

The trial resulted in a verdict for appellee by which his damages were assessed at $5,000. After a remittitur was entered, reducing this verdict to $4,000, judgment was rendered thereon, and from that judgment this appeal is prosecuted.

C. N. TRAVOUS, attorney for appellant; LEE & HAY, of counsel.

F. E. LONAS, attorney for appellee; ROSENTHAL, KURZ & HIRSCHL, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

There is but one question which need be considered in disposing of this appeal, viz., as to the right of appellee to maintain this suit of replevin. Whether appellant as a common carrier was justified in holding the goods after service upon it as a garnishee of the attachment writ, whether appellant is chargeable with breach of its contract to convey the goods with reasonable diligence to the point of destination, and whether, if there was such breach of contract, the measure of damages was correctly applied upon the trial of this cause, are all questions which yield to the controlling question of any right whatever to maintain the suit.

The *narr.* consists of two counts. The first count charges an unlawful taking of the goods, and the second count charges an unlawful detention only.

The evidence being conclusive that the property came lawfully into appellant's possession, there could be no recovery under the first count, which charged wrongful taking and detention.

Nor does the evidence warrant any recovery upon the second count. When the possession of the property is lawfully acquired, a demand for surrender of possession and a refusal are essential to establish such wrongful detention as will sustain an action of replevin in the *detinet.* Cobbey

Wabash Railroad Co. v. House.

on Replevin; Sec. 447 and 462; Ingalls v. Bulkley, 13 Ill. 315; Woodward v. Woodward, 14 Ill. 466; Clark v. Lewis, 35 Ill. 417; O. & M. Ry. Co. v. Noe. 77 Ill. 513.

While there may be found some conflict in the decisions as to the necessity of such demand under certain conditions, yet the authorities are very nearly uniform in holding that the demand is an absolute essential when the plaintiff has · put the property in the defendant's possession and the defendant merely detains it, without any act which could be construed as a conversion.

The evidence is conclusive that there was here no tortious detention of the goods in question. The appellant company made no claim to the goods. There is nothing to indicate that it at any time was unwilling to return them to appellee. But appellee did not want them to be returned. He desired and demanded only that they be transported to Detroit.

Appellee testified:

" I was making arrangements to have my lawyer, constable and justice of the peace, and two bondsmen down there at the depot, and expected to replevy my stuff; didn't do it, because he didn't make a levy, and would not take charge of it; I replevied it Monday evening because we had to get it out of your possession and get you to move it; didn't do it Saturday evening because Mr. Robertson said he would move the car and he did intend to move it until one minute before the train went; then we didn't have time; it was Sunday morning; so far as the stuff itself was concerned, there was nothing to prevent my replevying the stuff and taking it out of the car, but we paid to have it moved in that car; there was nothing to prevent my taking it without replevying; there was nobody watching the car, and nobody had charge of it but myself; I was looking after it to see that it was not stolen; didn't make any demand upon anybody there at that time, or at any time, Saturday night or Sunday or Monday for the possession of the stuff in that car; all that was said by me or Mr. Newell from Saturday night until Monday morning was for the company to move that car forward to Detroit; that is what we asked for, that is what we paid for, and that was all."

The attorney for appellee testified that he had negotiations with an attorney for appellant, as follows:

" He said, ' Why don't you replevin it from the officers?'
I said, ' Because the officer has not possession of it, and
never has had possession of it; if I replevin from anybody I
will have to replevin from you; if I do, will you send it to
Detroit for us?' He said, ' I can not see any reason why
we should not, but I would not like to say definitely.'
' Well,' I said, ' If we can not get the stuff sent there, there
is no use for us to bother with a replevin suit.' Finally it
was agreed I should see Mr. Lee again in the afternoon,
and we went there about two o'clock, but he was not in,
and we waited for some time and he didn't come, and about
four o'clock we went to the clerk's office and sued out the
writ of replevin, and went down and got our stuff. I went
with the sheriff and Mr. House to serve the writ on Mr.
Palmer in the Marquette Building, and Mr. Palmer, as soon
as the writ was served, turned to some one and gave an
order that the car be put into the train and sent to Detroit
that night. * * * I asked for the property repeatedly,
time after time, more than twenty-five times; I said : ' I
want this property, and I want you to deliver it, to take it
to Detroit as you have agreed to do.' I wanted it in
Detroit certainly, where you had agreed to take it; what I
wanted all the time was for you to send it to Detroit; was
trying to get our property, and trying to get your folks to
carry it to Detroit, as they had agreed to do; if they wouldn't
do it, I purposed to send it on some other road."

That the attorney had any purpose of sending the goods
by any other road was apparently kept secret and never
disclosed by him to appellant. It is perfectly clear, from
all the evidence, that neither appellee nor his attorney at
any time sought to obtain possession of the goods or made
any demand therefor. On the contrary, the demand was
for transportation of them to Detroit, and for that only.
This suit was brought to obtain the transportation of the
goods to Detroit, in accordance with the negotiations of
the parties, and not to obtain a delivery of possession at
Chicago.

Mere delay in transportation, when no demand for return
of goods is made, does not constitute such wrongful deten-
tion by the carrier as will sustain replevin. It may sustain
an action for breach of contract to carry with diligent
speed, but there is lacking the element, essential to

replevin, of either a taking or a wrongful detention upon demand. Hutchinson on Carriers (2d Ed.), Secs. 328 and 775.

Here there was no wrongful caption, but a bailment; and there having been no demand upon the bailee by appellee for a surrender of the possession, there was, consequently, no wrongful detention.

Cases cited in support of the doctrine that when a demand would be futile it may be dispensed with, are not in point, for here there was not only no demand, but there was no desire on the part of appellee that appellant should return the goods. On the contrary, it was desired and directed that the bailment continue until the goods should be carried to Detroit.

The action of replevin will not lie upon the facts estab-. lished by the record. Therefore the judgment is reversed.