Matthew M. Levy, J.
Knolls Construction Company was under contract to build certain dwellings for the plaintiff. Knolls entered into an agreement with the Weisberg-Baer Company by which Weisberg agreed to furnish and deliver (but not to install) the necessary millwork and trim. The plaintiff (the owner) sued Knolls (the general contractor) because of alleged improper construction. Knolls served a third-party complaint upon Weisberg (the subcontractor), alleging that if it is adjudged that Knolls had breached its agreement with the plaintiff with respect to the matter of millwork and trim, Weisberg will be liable over to Knolls for any judgment obtained by the plaintiff against Knolls by reason thereof. The contract between Knolls and Weisberg contains a stipulation providing for arbitration, and the motion before me invokes section 1451 of the Civil Practice Act and is brought by the third-party defendant (Weisberg) to stay the cross action against it by the defendant-third-party-plaintiff (Knolls) pending the arbitration sought by the moving party.
While not disputing the existence of the arbitration clause, Knolls says that it has made no claim against Weisberg which is subject to that clause. Knolls contends that the requirement for arbitration applies only to existing controversies between the parties to the contract, and that since there is no such present controversy between it and Weisberg, the provision does not apply. Knolls further urges that the arbitration clause cannot and should not be permitted to defeat the purpose of section 193-a of the Civil Practice Act, which was enacted to *222 avoid new actions, to obviate duplication of proof and to eliminate possible diversity of result.
As an agreement providing for arbitration is in that respect “ valid, enforceable and irrevocable ” (Civ. Prac. Act, § 1448), the first contention requires, I think, merely a glance at the contractual mandate for its prompt resolution. The agreement is quite general and all inclusive. It provides without doubt and with no exception that: ‘ ‘ 18. All questions that may arise under this contract and in the performance of the work thereunder, shall be submitted to arbitration at the choice of the parties hereto. * * * ” No controlling authority has been cited to me on this issue — pro or con — but, as I see it, the language of the clause does not in any sense support the opposition to arbitration. It is not, in my view, required (in order that this arbitration proviso be applicable) that there be a present unconditional claim of one party as against the other, or that the claim required to be arbitrated be independent of any claim made by another against the contracting party. It suffices if there be a controversy between the parties under the contract. The fact that the claim is a contingent or an associated one does not, it seems to me, render the agreement for arbitration presently innocuous or even serve to postpone its efficacy until the claim has become frozen into an unconditional or isolated status.
The second argument interposed to defeat arbitration is equally interesting, but equally unconvincing, at least to me. Here, too, there is no authoritative precedent that I have been able to find, but it is clear to me that the utilization of the third-party procedure established by section 193-a cannot be a basis for ignoring the express agreement between the parties — against the wishes of a third-party defendant who has neither waived nor abandoned his right to demand arbitration under that agreement. Section 1451 of the Civil Practice Act — which provides for a stay of lawsuits where arbitration has been contracted for — is substantive and mandatory. Section 193-a of the Civil Practice Act —providing for joinder and determination of related controversies and contingent claims in a single action — is procedural and discretionary. The latter statute is based upon the voluntary facility of judicial mechanics. The former is grounded upon the consensual undertaking of the contracting parties. Article 84 of the Civil Practice Act (of which § 1451 is a part) was enacted to compel parties to abide by their agreements to arbitrate their disputes. Having contracted to arbitrate their differences the present parties are bound thereby, and the court will enforce the agreement. I hold *223 that a defendant in a pending lawsuit against him cannot — by interposing a third-party claim against another in that lawsuit — circumvent the force of the arbitration- agreement between them — any more than he could do so by the institution of a traditional lawsuit against that other. (Cf. Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36.) By becoming a third-party plaintiff (and not a plaintiff ab initio) the defendant cannot deprive the third-party defendant of the latter’s contractual rights.
It is no answer that the litigation between the owner and the contractor may be resolved at law, and that therefore the controversy between the contractor and the subcontractor should also be determined at law. For in the case at bar, the contractor and subcontractor chose arbitration as the method of settling the disputes between them, and the agreement to that effect may be relied on by the latter to preclude the maintenance of a third-party action at law against it. Section 193-a is simply a remedial device under which the courts can adjudicate in one action all possible and implied liabilities presented therein between the original and impleaded parties. But the courts may thereunder dismiss or sever a third-party complaint where it would be prejudicial to any party, old or new; or the parties may by agreement waive the procedural facilities available to them under this section.
The opposition to the stay urges that relegating the parties to arbitration would mean that neither in the present lawsuit nor in the arbitration proceeding would the real adversaries — the owner and the subcontractor — be pitted against each other. This argument is born of a misreading of section 193-a, where it is made clear that the controversy does not necessarily become one between the plaintiff and the third-party defendant, with the defendant-third-party-plaintiff wrapped in the cloak of innocence or neutrality. Moreover, the contract between the parties in this proceeding could, if it had been so arranged for, have avoided the assertedly grievous result of which the general contractor now complains. When the contracting parties did not themselves agree to limit the function of the arbitration machinery between them, it is not the province of the court to rewrite the contract so that they must be assumed to have entered into such a limited agreement nevertheless.
The motion of the subcontractor to stay the third-party action against it is therefore granted. Settle appropriate order.