L. Barrok Hill, J.
By order to show cause, containing a ‘temporary stay, Lizza & Sons, Inc. (hereafter called Lizza), seek an order under section 1451 of the Civil Practice Act staying De Lillo Construction Co., Inc. (hereafter called De Lillo) from any and all further proceedings or actions in connection ivith íavo certain" agreements between these parties pending arbitration of the controversy as provided in the contracts. The chronology of events shows that Lizza, a subcontractor, filed a public improvement lien against De Lillo on December 2, 1957. Pursuant to order the lien was duly bonded and discharged on December 16, 1957. On December 26, 1957, De Lillo served a notice bn Lizza in accordance with section 21-a of the Lien Law to commence an action to foreclose the lien and in the event of its- failure to show cause at Special Term, New York County, Avhy the lien should not be discharged; the return day of this motion was adjourned to January 7, 1958. On December 30, 1957, Lizza served on De Lillo a demand to arbitrate, pursuant • to the contract, and therein named its arbitrator. On January 2,- 1958, Lizza obtained the instant order to show cause, containing the temporary stay, returnable here in Supreme Court, Nassau County; likewise, on January 7,1958.
At the outset, it is apparent from the wording of section 1451 of the Civil Practice Act that Lizza’s application was properly made to the court and did not have to be made by cross motion in New York County. The statute is worded in the alternative “ the supreme court or the court in which such action or proceeding shall be brought, or a judge thereof No limitation is-placed by the statute on which part of the Supreme Court can make the order or even which judge.
Having .made the application here and a temporary stay having, been granted, the next inquiry is whether or not the motion in New York County is encompassed within the provisions of the statute that “ all proceedings in the action or proceeding ’ ’ shall be stayed pending the arbitration.
*297 Although not an “ action” as defined by statute (Civ. Prac. Act, § 4; General Construction Law, § 11-a), in my opinion the procedure provided for by section 21-a of the Lien Law amounts to a “ proceeding ” as defined in Queens County Water Co. v. O’Brien (131 App. Div. 91), or a “ special proceeding” as defined by statute (Civ. Prac. Act, § 5; General Construction Law, § 46-a). De Lillo, by using the procedure provided by section 21-a of the Lien Law was seeking to enforce a right in a court of justice.
I believe it is clear that the substance of any issue to be litigated in any action to foreclose the lien is subject to arbitration under the contract and that, rather than commence an action for that purpose Lizza is entitled to arbitration (cf. Knolls Coop. v. Hennessy, 3 Misc 2d 220).
In my opinion, therefore, Lizza is entitled to an order staying De Lillo from all proceedings in connection with the discharge, of the lien until arbitration is complete. Any action taken by De Lillo in New York County in connection with the motion returnable there on January 7, 1958 would, in my opinion, violate the provisions of the temporary stay contained in the order to show cause herein.
Settle order.