Marcus Gt. Christ, J.
This is a motion by the third-party defendant to dismiss the complaint on a number of grounds or in the alternative to stay the action pending arbitration.
The only point requiring discussion is whether the matters embraced in the claim over are within the scope of the agreement to arbitrate contained in the subcontract between De Lillo, *435 defendant, and third-party plaintiff and Lizza, third-party defendant.
Because if they are, then a stay is in order and it matters not that the dispute comes up by way of a third-party complaint. (Knolls Co-op. v. Hennessy, 3 Misc 2d 220.)
On the other hand, if they are not, then the objections that the court does not have jurisdiction of the subject matter, or that the plaintiff does not have legal capacity to sue, have no validity.
The arbitration clause reads as follows: “ All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto ”.
It is claimed that this language is not broad enough to cover a claim for damages due to a breach of contract as distinct from an amount due under the contract.
In Matter of Zimmerman v. Cohen (236 N. Y. 15, 17-18) it was held that the defendant could have compelled arbitration in a breach of contract case, had he not made a binding election to keep the litigation in court, where the language used was: ‘ ‘ Any differences arising between the parties to this contract shall be settled by arbitration in New York ”.
It will be noted that these clauses are very similar and the substitution of the word ‘ ‘ questions ’ ’ for the word ‘ ‘ differences ” would seem to connote no significant variation in meaning.
The opinion in Matter of Young v. Crescent Development Co. (240 N. Y. 244) in discussing a clause identical with the one we have here, intimates that since a breach is a repudiation of a contract, a claim for damages does not arise under the contract. It might be argued too that since the only jural relation between the parties stems from the contract, a claim for breach is as much under a contract, as a claim for money specifically called for by the contract. It is only the defendant who repudiates a contract, not the plaintiff.
In any event, the decision is based on another point, viz.: an election of remedies which thereafter barred arbitration.
In a later case than either of these, Matter of Marchant v. Mead-Morrison Mfg. Co. (252 N. Y. 284, 298) Cardozo, Oh. J., makes it clear that an agreement to submit ‘ ‘ all controversies growing out of ” a contract to arbitration, or a “ substantially equivalent ” phrase, is authority to assess damages for a breach, but where there is only a narrow authority in the arbitrators to determine questions of meaning and performance then there *436 is no authority to go beyond these items. The sense of the language used here however, has much more of the ‘ all controversies ” import. For these reasons the motion for a stay will be granted.
If the present arbitration proceeding is not broad enough to cover the issues herein it may be enlarged so as to include them or a separate arbitration may be directed as the parties may be advised.
Settle long-form order which adopts one method or the other.