COMMONWEALTH *vs.* WILLIAM C. MATTHEWS.

Norfolk.    January 6, 1969. — February 28, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Search and Seizure.   Constitutional Law,* Search and seizure, "Threshold"
police inquiry.   *"Threshold" Police Inquiry.   Police.*

Where it appeared in a criminal proceeding for possession of a burglarious
instrument that about 2:50 one morning in a neighborhood in which
there had been several recent breaking and entering incidents a police
officer observed the defendant walking on a street carrying a paper
bag with a department store label, it was held that it was reasonable
for the officer to stop the defendant for a brief interrogation, even
though there was then no probable cause to arrest him [381]; and,
where it further appeared that the defendant then gave an unlikely
story to account for his actions and voluntarily permitted the officer
to examine the contents of the bag, which contained articles of cloth-
ing apparently not of the defendant's size and a sales slip bearing a
date three days prior to the date the defendant stated he had pur-
chased them, it was held that it was reasonable for the officer to search
the defendant's person for weapons, and that a motion to suppress a
screwdriver found concealed thereon in the course of the search was
rightly denied even if the screwdriver was not a weapon   [382].

INDICTMENT found and returned in the Superior Court on
September 30, 1966.

A motion to suppress evidence was heard by *Moynihan,* J.,
and the case was tried before him.

*Joseph W. MacDonald* for the defendant.

*Anthony T. Petrocca,* Assistant District Attorney, for the
Commonwealth.

SPALDING, J.   The defendant was convicted under an
indictment charging possession of burglarious tools.   The
sole question for decision arises out of his exception to the
denial of a pre-trial motion to suppress certain evidence.

All of the evidence at the hearing on this motion came
from Sergeant Bergin of the Brookline police department
who testified in substance as follows: About 2:50 A.M. on

July 2, 1966, Sergeant Bergin, while in the vicinity of
Commonwealth Avenue, Brookline, observed the defendant
walking on Crowninshield Road to Commonwealth Avenue.
There had been several breaking and entering incidents
in the neighborhood, but none had been reported that night.
The officer stopped the defendant and inquired about his
identity and purpose for being abroad. The defendant
identified himself and stated that he was walking from
Boston to visit a friend who lived on Commonwealth Avenue
in Brookline. When questioned as to the route he was
taking, the defendant replied that "he had felt like taking
a walk." Observing that the defendant was carrying a
paper bag with the name of "Mal's Department Store" on the
outside, the officer asked if he might examine its contents,
and the defendant readily assented. The bag contained
new articles of clothing, consisting of underwear and socks,
and a sales slip bearing the date of June 28. The defendant
informed the officer that he had purchased the articles on
the preceding day, July 1. Because the items of clothing
were apparently not of the defendant's size, the officer became
suspicious and frisked him to determine if he was carrying
any weapons. The frisk consisted of the officer quickly
running his hands over the defendant's clothing. He dis-
covered, in the small of the defendant's back and tucked
under his shirt and belt, a screwdriver, the shaft of which
was seven inches long; it was not new and had paint marks
on both the shaft and handle. The defendant said he had
bought the screwdriver along with the clothing at Mal's
Department Store. The defendant was thereupon arrested
and taken to the police station where a thorough search
was made. He was charged with possession of burglarious
instruments.

The defendant contends that officer Bergin's action
violated his constitutional protection against unreasonable
search and seizure and that therefore the court erred in
denying his motion to suppress. We shall assume that
in these circumstances the officer's action constituted a
search and seizure of the defendant. See *Terry* v. *Ohio,*

392 U. S. 1, 16. We shall also assume, arguendo, that initially there was no probable cause to arrest the defendant and that the frisk was not incidental to an arrest. It does not, however, necessarily follow, as the defendant appears to argue, that the search and seizure were unconstitutional. The Fourth Amendment to the Constitution of the United States prohibits only *unreasonable* searches and seizures, and in certain circumstances the police may seize a person and subject him to a limited search for weapons even if there were no probable cause for an arrest. *Terry* v. *Ohio*, 392 U. S. 1, 27.

General Laws c. 41, § 98, as amended through St. 1957, c. 688, § 1, provides in part that police officers during the nighttime "may examine all persons abroad whom they have reason to suspect of unlawful design." [1] In *Commonwealth* v. *Lehan*, 347 Mass. 197, 204, we held that this section "constitutionally permits a brief threshold inquiry where suspicious conduct gives the officer 'reason to suspect' the questioned person of 'unlawful design,' that is, that the person has committed, is committing, or is about to commit a crime. What is reasonable within the principle of threshold inquiry must be decided in each case." [2] See concurring opinion of Harlan, J., in *Sibron* v. *New York*, 392 U. S. 40, 72.

A State is free to develop its own law of search and seizure to meet the needs of local law enforcement, and in the process it may call the standards it employs by any names it may choose. *Sibron* v. *New York*, 392 U. S. 40, 60–61.

---

[1] Statute 1967, c. 368, § 1, amended § 98 to allow such a threshold inquiry in the daytime as well as at night. By St. 1967, c. 368, § 2, § 98 was further amended to provide: "If a police officer stops a person for questioning pursuant to this section and reasonably suspects that he is in danger of life or limb, he may search such person for a dangerous weapon. If he finds such weapon or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall return it, if lawfully possessed, or he shall arrest such person." This amendment was enacted subsequent to the defendant's arrest.

[2] *Alegata* v. *Commonwealth*, 353 Mass. 287, 291–293, held that other provisions of § 98, in so far as they authorized an arrest and prosecution rather than a brief threshold inquiry, were unconstitutional. But the opinion stated that "We are not to be understood as impairing in any way our holding in *Commonwealth* v. *Lehan* which upheld the statute in so far as it permits a brief threshold inquiry in certain circumstances." P. 293.

"It may not, however, authorize police conduct which trenches upon Fourth Amendment rights, regardless of the labels which it attaches to such conduct." *Sibron* v. *New York, supra,* 61. In justifying his actions the police officer "must be able to point to specific . . . facts which taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry* v. *Ohio,* 392 U. S. 1, 21. We are of opinion that it was reasonable for the officer to stop and briefly interrogate a man who, while carrying a bag with a department store label, was walking at two fifty in the morning in an area where there had recently been several incidents of breaking and entering. See *Commonwealth* v. *Roy,* 349 Mass. 224.

Our next inquiry is whether the subsequent frisking of the defendant was reasonable. A search for weapons is permissible where the police officer "has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry* v. *Ohio,* 392 U. S. 1, 27. The officer, after having his suspicions aroused by the defendant's actions and his answers to the officer's questions, could reasonably believe that his safety was in danger. That there were reasonable grounds for the officer to become suspicious is abundantly warranted by the evidence. In arriving at this conclusion he could consider: the presence of the defendant (carrying a paper bag) at an unusual hour of the morning in a vicinity where breaks had occurred; his unlikely story that he was walking from Boston to Brookline to visit a friend; the statement that he chose the route taken because he wanted to walk; the articles contained in the bag (revealed voluntarily) that apparently were not the defendant's size; and the date on the sales slip which was three days prior to the time when the defendant said he made the purchase. See *Commonwealth* v.

*Ballou,* 350 Mass. 751, 756. The frisk, therefore, and the seizing of the screwdriver obtained as a result of it did not violate the defendant's right against unreasonable search and seizure, even if the screwdriver were not classified as a weapon. *Sibron* v. *New York, supra,* 79 (Harlan, J., concurring). The motion to suppress was rightly denied.

The defendant complains of two rulings on evidence made during the course of the trial. But other than the bald assertion that these rulings were erroneous the defendant does not argue the points. We treat them as waived. S. J. C. Rule 1:13, 351 Mass. 738. *Lolos* v. *Berlin,* 338 Mass. 10, 13–14.

*Exceptions overruled.*