ISER ELECTRIC COMPANY, INC., Plaintiff, *v.* FOSSIER BUILDERS, LTD., Defendant and Counterplaintiff-Appellee.—(PAUL D. CARRIER *et al.*, Defendants and Counterdefendants-Appellants.)

Second District   No. 79-706

Opinion filed May 16, 1980.

Keith Schoeneberger, of Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, for appellants.

Richard J. Daley, of Pierce, Daley & Penn, of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

This is an interlocutory appeal from an order of the trial court denying a motion to stay proceedings on a counterclaim or, alternately, to direct arbitration of its issues between defendants.

Defendant-counterplaintiff Fossier Builders, Ltd. (hereinafter referred to as Fossier), entered into a contract on December 10, 1977, with defendants-counterdefendants Paul D. Carrier and Joan C. Carrier (hereinafter referred to as the Carriers) for the construction of a home in Burr Ridge, Illinois, at a cost of $198,441. The contract contained a general arbitration clause which provided that "all claims, disputes and other matters in question between the Contractor (Fossier) and the Owner (Carriers) arising out of, or relating to, the Contract, Documents or the breach thereof * * *, shall be decided by arbitration * * *."

Fossier subcontracted the electrical work on the home to plaintiff, Iser Electric Company, Inc., agreeing to pay plaintiff $6,152 for these services. On July 28, 1978, after construction by Fossier and various

subcontractors had commenced but before completion of the building, the Carriers terminated their contract with Fossier pursuant to a provision of it which permitted the owner to do so if the contractor was not performing in accordance with the contract. This provision also allowed the owner to take possession of the site, materials and equipment and finish the work by other means. It is alleged that after termination of their agreement with Fossier the Carriers entered into a new contract with plaintiff for completion of the electrical work on the house.

On October 3, 1978, plaintiff brought this action against both Fossier and the Carriers, in separate counts of the complaint, seeking damages for breach of the contracts which each of them had with plaintiff. It is alleged the balance due under their respective contracts for electrical work performed by plaintiff on the premises to be $4,050 and recovery of that sum is sought from each defendant.

Fossier answered plaintiff's complaint and on June 14, 1979, filed a counterclaim against the Carriers seeking damages for their alleged breach of the construction contract entered into between these parties in December 1977 by wrongfully terminating it. The Carriers then filed a motion pursuant to section 2(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 102(b)) for an order severing the counterclaim or staying its prosecution pending arbitration, as provided for in their contract with Fossier, and to require Fossier to proceed by arbitration with its claim against the Carriers. The trial court denied the Carriers' motion and they appeal.

In denying the Carriers' request to compel arbitration the trial court found it would be counterproductive to enforce the arbitration agreement between Fossier and the Carriers as, under the circumstances of this case, that would not result in economy of litigation and would create the possibility of conflicting findings by an arbitrator and the court. It noted that the plaintiff would not be bound by the arbitration agreement between these defendants.

The Carriers contend the trial court erred in its determination that the arbitration clause of their contract with Fossier did not require Fossier to prosecute its claims against them through arbitration. Fossier contends, however, that the court properly balanced the policies furthered by arbitration with the interests of the several parties and the policies of the Civil Practice Act in declining to sever the counterclaim and compel arbitration in this multiparty litigation.

Section 2(a) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 102(a)) provides:

"(a) On application of a party showing an [arbitration] agreement * * *, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing

party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied."

It is well established that parties are only bound to submit to arbitration those issues which by clear language they have agreed to arbitrate and that such agreements will not be extended by construction or implication. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149; see also *Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 374 N.E.2d 1086; *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 380 N.E.2d 1003; *Silver Cross Hospital v. S. N. Nielsen Co.* (1972), 8 Ill. App. 3d 1000, 291 N.E.2d 247; *Harrison F. Blades, Inc. v. Jarman Memorial Hospital Building Fund, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289.) The issue of whether a dispute is within the scope of an arbitration clause should be determined early and be controlled by judicial guidelines (*Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 1043, 374 N.E.2d 1086, 1088; *In re Arbitration* (1972), 3 Ill. App. 3d 913, 916, 278 N.E.2d 818, 821; sections 2(b) and 12(a)(5) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, pars. 102(b) and 112(a)(5)).

■█ It is clear in the present case that the issues between Fossier and the Carriers asserted in the courterclaim are within the scope of their arbitration agreement. It alleged that the Carriers wrongfully breached the construction contract by discharging Fossier and damages are sought. These parties had agreed to submit to arbitration "all claims, disputes and other matters in question * * * arising out of, or relating to, the contract, documents or the breach thereof * * *."

Having determined that the dispute between defendants is within the scope of their arbitration agreement we must next decide whether this case, or some part thereof, should have been stayed by the trial court pending arbitration.

Section 2(d) of the Uniform Arbitration Act (Ill. Rev. Stat. 1977, ch. 10, par. 102(d)) provides that:

"(d) Any. action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only."

Fossier acknowledges that no Illinois reviewing court has considered its contention that a court may properly refuse to compel arbitration involving some, but not all, of the parties to multiparty litigation. It relies primarily on *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.* (1976), 308 Minn. 20, 240 N.W.2d 551, to support its argument that a court need not enforce an arbitration agreement in a multiparty action where some, but not all, of the parties are contractually bound to arbitration. In

*Prestressed Concrete, Inc.* a subcontractor brought an action for damages against the owner and the general contractor, and the owner, in turn, counterclaimed against its architect and engineer for indemnity and damages. Only the contract between the owner and the architect contained an arbitration clause. The court sought to balance the interests of those parties bound to arbitrate and those not required to do so against the policy of the rules of civil procedure which are designed to facilitate joinder of all related parties and issues in litigation. (See, *e.g.*, Ill. Rev. Stat. 1977, ch. 110, par. 25; *Bogan v. Postlewait* (1970), 130 Ill. App. 2d 729, 265 N.E.2d 195.) The Minnesota court reasoned that where it was not possible to resolve related claims independently of each other, then the policy favoring the disposition of multiparty actions in one proceeding outweighed the policy favoring the enforcement of agreements by parties to submit their disputes to arbitration. There the court resolved the clash of policies it found to be present by refusing to compel arbitration, holding "[w]here arbitration would increase rather than decrease delay, complexity, and costs, it should not receive favored treatment." 308 Minn. 20, 24, 240 N.W.2d 551, 553; see also *County of Jefferson v. Barton-Douglas Contractors, Inc.* (Iowa 1979), 282 N.W.2d 155, and cases cited therein.

The cases relied upon by Fossier may be distinguished, however, as the issues in the present case are not so intermingled and dependent. Here plaintiff seeks to enforce its separate contracts against Fossier and the Carriers, respectively, and Fossier seeks to recover damages against the Carriers for an alleged breach of the separate contract between them. No determinative relationship is shown between these proceedings which is not clearly based upon different rights and obligations arising under the separate contracts. We note too that in *Prestressed Concrete, Inc.* the court stayed that portion of the proceeding relating to the owner's claim against the architect for consequential damages as it was a separate issue and subject to their arbitration agreement.

It is apparent the arbitration agreement between defendants cannot affect plaintiff's right to prosecute its separate claims against them under the complaint; plaintiff was not a party to it and has not subsequently agreed to resolve its claims against Fossier and the Carriers by arbitration. (*A. J. Wolfe Co. v. Baltimore Contractors, Inc.* (1969), 355 Mass. 361, 244 N.E.2d 717; see 6 C.J.S. *Arbitration*, §10 (1975).) Nor would a decision by an arbitrator resolving Fossier's claim against the Carriers bind plaintiff in its claim against those parties or affect any findings of the trial court or jury which might consider plaintiff's cause of action. (*Woodward v. Woodward* (1853), 14 Ill. 466; *American Renaissance Lines, Inc. v. Saxis Steamship Co.* (2d Cir. 1974), 502 F.2d 674; *Koreska v. Perry-Sherwood Corp.* (S.D.N.Y. 1965), 253 F. Supp. 830, *aff'd per curiam* (2d Cir. 1966), 360 F.2d 212.) It has also been held that a party to an arbitration

agreement cannot avoid its terms simply because he is a defendant in a related action brought by a third party (*Knolls Cooperative Section No. 1, Inc. v. Hennessy* (1956), 3 Misc. 2d 220, 150 N.Y.S.2d 713), and that termination of a contract between parties does not act to void application of the arbitration clause contained in it (*General Atomic Co. v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 716, 346 N.E.2d 437).

■■ The general rule is that agreements to arbitrate will be enforced despite the existence of claims by third parties or of pending multiparty litigation. In *Galt v. Libbey-Owens-Ford Glass Co.*, the court considered the Illinois Arbitration Act and rejected the argument that multiplicity of actions excused the enforcement of an arbitration clause:

> "In enacting the Uniform Arbitration Act, the [Illinois] Legislature has not eradicated a chancellor's inherent powers, but the Legislature has determined in Section 2 that it is no longer equitable to enjoin arbitration to prevent multiplicity of actions." 376 F.2d 711, 716.

■ We conclude the trial court erred in failing to grant the stay sought by the Carriers directed towards the issues formed by Fossier's counterclaim against them and that it should have directed those parties to submit those matters to arbitration in accordance with their agreement. Plaintiff's action against these defendants under its contracts with each of them will, of course, be permitted to proceed in the trial court after the counterclaim has been severed. *Cf. Farris v. Hedgepeth* (1978), 58 Ill. App. 3d 1040, 1043-44, 374 N.E.2d 1086, 1089.

Accordingly, the judgment of the trial court will be reversed and the cause remanded with directions that the counterclaim be severed and the parties to it directed to proceed to arbitration.

Reversed and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.