THE CITY OF CENTRALIA, Plaintiff-Appellee, v. NATKIN AND COMPANY, Defendant-Appellant.

Fifth District    No. 5—92—0688

Opinion filed February 3, 1994.

Stephen D. Gay, of Husch & Eppenberger, of Peoria, for appellant.

Mark W. Stedelin, of Branson, Jones & Stedelin, of Centralia, for appellee.

JUSTICE MAAG delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), from an order of the circuit court of Marion County which denied the motion of defendant-appellant, Natkin & Company, to stay judicial proceedings and compel arbitration. The trial court granted the motion of plaintiff-appellee, City of Centralia, to stay arbitration. For the reasons set forth below, we reverse.

On July 6, 1988, the City of Centralia (the City) and Natkin & Company (Natkin) entered into a written contract wherein Natkin agreed to furnish all materials, supplies, tools, equipment, labor, and other necessary services for the construction of a project referred to as the "Centralia Downtown Streetscape Improvements" (the Project). According to the contract, the City agreed to pay Natkin $899,256 for the construction work. Pursuant to the contract, Natkin was to commence work within 10 days after the date that it received the notice to proceed and was to complete the job within 300 calendar days unless the period for completion was extended by the contract documents. The contract encompassed a general conditions provision that included an arbitration clause that stated as follows:

"30. ARBITRATION

30.1 All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof."

The City sent a notice to proceed to Natkin stating that it was to commence work on or before July 22, 1988, making the completion date May 18, 1989. Natkin did not receive this notice, however, until July 27, 1988. The contract between the City and Natkin was changed six times in accordance with the provisions of the contract. The latest change order was dated May 15, 1989, and listed the current contract price after the change order to be $969,819.85. It also changed the completion date to June 9, 1989.

The City executed a separate contract between it and EG&G, Inc., on September 18, 1986. EG&G was to prepare the specifications and drawings for the Project. This contract did not contain an arbitration clause.

Several disputes arose between the City and Natkin regarding payments on the Project. Natkin claimed that it was entitled to additional compensation, and the City claimed that it was entitled to certain credits. The City and Natkin eventually reached an impasse, and the City filed a complaint against Natkin on May 21, 1992. Instead of filing an answer, Natkin filed a motion to stay judicial proceedings and compel arbitration on July 10, 1992. On August 5, 1992, Natkin filed a demand for arbitration. The City filed a motion to stay arbitration on September 3, 1992. On September 18, 1992, the trial court made the following findings:

> "(1) That the delay in seeking arbitration worked a substantial prejudice to the plaintiff, and constitutes waiver of arbitration.
>
> (2) Defendants [sic] own affidavit of Michael Kelly and their demand for arbitration place fault for the conflict herein upon 3rd party engineers and 'design errors' by persons not subject to arbitration, leading to the possibility of contradictory results. Motion to Stay Arbitration GRANTED. Motion to Compel Arbitration DENIED."

It is from this order that Natkin appeals.

Natkin claims that the trial court erred in its determination that the arbitration clause in its contract with the City did not compel the City to bring its claim against it through arbitration. The City claims, however, that Natkin has waived its right to arbitrate this dispute because of Natkin's prelitigation delay, coupled with the prejudice that the City has suffered.

When an interlocutory appeal is brought pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), neither the merits of the case nor the controverted facts are to be decided. (*Caudle v. Sears, Roebuck & Co.* (1993), 245 Ill. App. 3d 959, 962, 614 N.E.2d 1312, 1315.) The only issue in such an appeal is "whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought." (*Caudle*, 245 Ill. App. 3d at 962, 614 N.E.2d at 1316.) Therefore, we must review the trial court's decision and determine if there was a sufficient showing to support the trial court's refusal to compel arbitration and stay the judicial proceedings. See *Caudle*, 245 Ill. App. 3d at 964, 614 N.E.2d at 1317.

Upon application of a party, the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1992)) empowers courts to compel or stay arbitration or to stay court action pending arbitration. (*Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr* (1988), 124 Ill. 2d 435, 443, 530 N.E.2d 439, 443.) The only issue before a court at a hearing to compel arbitration is whether an agreement exists to arbitrate the dispute in question. (*Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell,*

*Moss & Saloga, P.C.* (1993), 244 Ill. App. 3d 920, 925, 613 N.E.2d 331, 334.) In Illinois, arbitration is a favored method of settling disputes. (*Burnett v. Safeco Insurance Co.* (1992), 227 Ill. App. 3d 167, 179, 590 N.E.2d 1032, 1041; see 710 ILCS 5/1 *et seq.* (West 1992).) If the language of an arbitration agreement is clear and it is obvious that the dispute desired to be arbitrated falls within the scope of the arbitration clause, the court should decide the arbitrability issue and compel arbitration. *Caudle,* 245 Ill. App. 3d at 963, 614 N.E.2d at 1316.

In the case at bar, the parties agree that their dispute is covered by the arbitration contract. The City contends and the trial court found, however, that Natkin had waived its right to arbitration. Although it is well-settled law that a contractual right to arbitrate can be waived like any other contract right, waiver will only be deemed to have occurred "when a party's conduct has been inconsistent with the arbitration clause so as to indicate that he has abandoned his right to avail himself of such right." (*Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 815, 395 N.E.2d 613, 616; see *Dickinson v. Heinold Securities, Inc.* (7th Cir. 1981), 661 F.2d 638, 641.) In Illinois, waiver has been found when: (1) a party has instituted legal proceedings and participated in a trial on the merits (*Hilti, Inc. v. Griffith* (1978), 68 Ill. App. 3d 528, 533, 386 N.E.2d 63, 66); (2) a party has filed an answer without asserting his right to arbitrate (*Gateway,* 76 Ill. App. 3d at 816, 395 N.E.2d at 616); and (3) a party that has sought arbitration files a motion for summary judgment on an arbitrable issue (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 267, 222 N.E.2d 168, 171).

Even though the City cites no precedent to support its contention, it claims that Natkin's prelitigation delay, coupled with the prejudice that the City has suffered, is sufficient to constitute waiver of Natkin's right to arbitration.

Although delay in asserting one's right to arbitration has been considered as a factor in determining the existence of waiver (see *Morrie Mages & Shirlee Mages Foundation v. Thrifty Corp.* (7th Cir. 1990), 916 F.2d 402, 405; *Dickinson v. Heinold Securities, Inc.* (7th Cir. 1981), 661 F.2d 638, 641), neither of the aforementioned cases found that the delays were sufficient to constitute waiver.

■ In the case at bar, the three-year delay encompasses a time period when the parties were attempting to settle their dispute. We think that it is admirable that the parties attempted to resolve their dispute for such a long period of time without resorting to arbitration or litigation. Hence, we refuse to punish Natkin merely because it

attempted to resolve a dispute between itself and the City before filing a demand for arbitration. In fact, we believe that preliminary negotiations concerning a settlement are not sufficient to waive arbitration (see *Dickinson*, 661 F.2d at 641) even if a period of three years has elapsed. "Significant periods of delay prior to the onset of litigation are often necessary to allow the parties to engage in good faith efforts to resolve the controversy without reference to an adjudicatory body." (*Dickinson*, 661 F.2d at 641.) Therefore, we find that Natkin did not act inconsistently with its right to arbitration, and that a three-year delay is not an inordinate period of time to wait before resorting to arbitration. It is not as if either party is claiming that the statute of limitations on this claim has lapsed.

Further, we find unpersuasive the City's argument that Natkin waived its right to arbitration because it did not file for it until after the City filed its complaint in the circuit court. "An opponent to arbitration is not prejudiced simply because an arbitration demand was not made until after judicial proceedings had begun." *Morrie*, 916 F.2d at 405.

The City claims that it has been prejudiced by the defendant's delay because (1) it has incurred court costs and legal fees to sue its creditor and (2) Natkin is seeking interest on the balance that it currently owes.

■ We do not believe that the City has been prejudiced by Natkin's delay. If the City had referred this matter to an arbitrator as stated in the parties' agreement, it would not have incurred the court costs and legal fees that it now claims Natkin has caused it to incur. Therefore, we fail to see how the costs and fees of initiating this litigation caused the City to be prejudiced. Natkin should not be punished because the City failed to file its complaint in the correct tribunal. Furthermore, even if Natkin were to proceed to a trial on the merits of this case instead of arbitration, it would certainly seek interest on the unpaid balance. For all of the foregoing reasons, we fail to see how the City was prejudiced by Natkin's delay in seeking arbitration. Hence, we believe that the circuit court erred in ruling that Natkin waived its right to arbitration.

Finally, Natkin claims that the City is bound by the contract to arbitrate this dispute despite the existence of potential third-party claims. The City contends that the trial court correctly stayed arbitration because of the existence of a potential claim by it against EG&G, which is not a party to the arbitration agreement.

The general law in Illinois is that courts will enforce arbitration agreements despite the existence of claims by third parties. (*Nagle*, 244 Ill. App. 3d at 926, 613 N.E.2d at 335; *Iser Electric Co. v. Fossier*

*Builders, Ltd.* (1980), 84 Ill. App. 3d 161, 166, 405 N.E.2d 439, 440.) In *J.F. Inc. v. Vicik* (1981), 99 Ill. App. 3d 815, 426 N.E.2d 257, we distinguished the *Iser* decision and determined that there is an exception to the aforementioned general rule. We stated as follows:

"Where an arbitration agreement involves some, but not all, of the parties to a multiparty litigation, the policy favoring arbitration must be weighed against the policies favoring joinder of claims. Where arbitration would increase rather than decrease delay, complexity and costs, it should not receive favored treatment. However, it is not sufficient to show merely that litigation would be the speedier and more economical means of resolving controversy. It also must be shown that the issues and the relationships among the parties to the multiparty litigation are closely intermingled. Factors to be considered are whether the claims of all the parties arise from the same project and involve common issues and evidence. Also important is the possibility of inconsistent results." 99 Ill. App. 3d at 819-20.

Although we realize that the first, second, and fourth districts disagree with the *Vicik* decision (see *M.D. Building Material Co. v. 910 Construction Venture* (1st Dist. 1991), 219 Ill. App. 3d 509, 579 N.E.2d 1059; *Geldermann, Inc. v. Mullins* (1st Dist. 1988), 171 Ill. App. 3d 255, 261, 524 N.E.2d 1212, 1216; *Landmark Properties, Inc. v. Architects International-Chicago* (1st Dist. 1988), 172 Ill. App. 3d 379, 384, 526 N.E.2d 603, 607; *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.* (2d Dist. 1993), 244 Ill. App. 3d 920, 613 N.E.2d 331; *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.* (2d Dist. 1983), 119 Ill. App. 3d 663, 456 N.E.2d 889; *Iser Electric Co. v. Fossier Builders, Ltd.* (2d Dist. 1980), 84 Ill. App. 3d 161, 405 N.E.2d 439; *Kurland Steel Co. v. Carle Foundation Hospital* (4th Dist. 1989), 185 Ill. App. 3d 624, 541 N.E.2d 862), we fail to see the significance of the *Vicik* decision to the instant case.

In *Vicik*, a general contractor contracted with the Viciks to build a house. The contract between the parties contained a general arbitration clause that covered all of the potential future disputes between the parties. As the construction neared its end, the contractor submitted a bill with 90 changes for additional costs. The Viciks disputed most of the changes. While the bills between the general contractor and the Viciks were being negotiated, several subcontractors demanded foreclosure of mechanics' liens against the owners and the general contractor. The demands were made by some of the subcontractors in original suits filed by them and by the remainder in counterclaims in pending suits. The general contractor demanded arbitration with the Viciks pursuant to the provisions in their

contract. The Viciks moved to consolidate the foreclosure suits and petitioned the court to enjoin the arbitration. The motion to consolidate and the petition to enjoin the arbitration were granted. The general contractor filed a motion to reconsider, and the trial court reversed itself and denied the petition for injunction. After an appeal to this court, we pronounced the aforementioned exception to the general rule.

■ We believe that this case is much different from the *Vicik* decision. The primary difference between the two cases is that in the case at bar we have a *potential* third party. It is not as if we have a subcontractor that has joined in this suit. In fact, we find no evidence in the record that any party is involved in this suit other than the two parties to the arbitration agreement. If we were to decide that Natkin is not entitled to arbitration in this case, in effect, we would be destroying the right to arbitration in many future construction cases because there is frequently the *potential* for a third party to become involved in such cases.

Accordingly, the order of the trial court denying Natkin's motion to compel arbitration and stay judicial proceedings and granting the City's motion to stay arbitration is reversed.

Reversed and remanded.

GOLDENHERSH and RARICK, JJ., concur.