BOARD OF TRUSTEES OF JUNIOR COLLEGE DIST. No. 508, COUNTY OF COOK, Plaintiff-Appellee, *v.* COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, Defendant-Appellant.

(No. 59052; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—September 25, 1974.

J. Dale Berry, of Kleiman, Cornfield & Feldman, of Chicago, for appellant.

Roger J. Kiley, Jr., of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an interlocutory appeal from an order entered on April 2, 1973, in the Circuit Court of Cook County. The order granted to the

plaintiff, the Board of Trustees of Junior College District No. 508, its motion to preliminarily enjoin the defendant, Cook County College Teachers Union, Local 1600, from proceeding in certain designated arbitration cases between the parties.

The issues presented for review are whether the Uniform Arbitration Act provides the exclusive remedy for restraining arbitration, and whether it was error for the court to hear the case under the assignment number of a previous case.

The parties were engaged in a collective-bargaining relationship since 1967. In May of 1970, the union presented to the board five grievances on behalf of various faculty members, alleging that they had been denied promotions in rank in violation of "past practices" of the Board allegedly covered by the collective-bargaining agreement. As remedies the union demanded promotions for each of the grievants to the faculty rank immediately above the rank they occupied at that time.

The grievances were denied by the board, the union filed demands for arbitration with the American Arbitration Association, and the cases were docketed by the Association.

On October 20, 1970, the union, with the board's consent, requested these cases be held in abeyance because of pending negotiations between the parties concerning the subject matter of the grievances.

In September of 1972, the union advised the American Arbitration Association of its desire to reinstate the grievances on its calendar for hearing.

On March 29, 1973, the board filed a petition for an injunction and an accompanying motion for a preliminary injunction, alleging that the matter of promotions is not subject to arbitration under the prior or present collective-bargaining agreements, and remains a matter within the discretion of the Board which cannot be lawfully delegated to an arbitrator or limited by a collective-bargaining agreement.

The union filed a motion to dismiss plaintiff's petition for injunction and to deny its motion for the preliminary injunction. On April 2, 1973, the court entered an order granting the board leave to file its petition and motion, denying the union's motion to dismiss, and temporarily enjoining the arbitration of the union's grievances.

This case was consolidated for hearing in the appellate court with Case Number 58326 because this dispute arose out of the continuing litigation between the same parties and because the issue in each case is whether the parties were required to proceed under the Uniform Arbitration Act rather than seeking relief in the circuit court.

The Union first contends the circuit court may only enter an order

enjoining an arbitration upon a showing that there is no agreement to arbitrate the issue which is the subject of the arbitration. Section 2(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1971, ch. 10, § 102(b)) reads as follows:

"On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

The union also relies on the case of *School District No. 46 v. Del Bianco* (1966), 68 Ill.App.2d 145, for the proposition that section 2(b) provides the exclusive remedy for staying arbitration. The court stated:

"The foregoing provisions of the Act militate against the contention that a party to an arbitration agreement may choose between the judicial or arbitration forum. The sole issue under the Act on the preliminary hearings to compel or stay arbitration, is whether there is an agreement to arbitrate. If so, the court should order arbitration; if not, arbitration should be refused. Upon this simple formula, the preliminary hearings on such issue should be determined." 68 Ill. App. at 156.

However, in the case of *Stephenson County v. Bradley & Bradley, Inc.* (1971), 2 Ill.App 3d 421, the court held that an application to stay arbitration proceedings need not be governed exclusively by the Act:

"Although Stephenson County filed a declaratory judgment action rather than an application to stay arbitration under the Act, the existence of an agreement to arbitrate was squarely raised and ruled upon. No authority has been cited to us, and we have found none, holding that an application to compel or stay arbitration is the exclusive route to a judicial determination of this threshold question. The remedies do not appear incompatible, and in somewhat different circumstances a suit for declaratory judgment was filed and maintained after a demand for arbitration had been made by the opposing party." 2 Ill.App.3d at 425.

In the instant case the determinative question is whether the issue sought to be arbitrated is one which may be properly decided by an arbitrator, not whether there was an agreement to arbitrate or whether the matter was within the scope of arbitration. In companion Case Number 58326, filed this day, we held the question of whether the board's statutory power could be delegated in a collective bargaining

agreement was for the court and not the arbitrator. *Board of Education v. Rockford Education Association* (1972), 3 Ill.App.3d 1090; *Board of Education v. Johnson,* (1974), 21 Ill.App.3d 482.

In the instant case the board alleged in its petition that the matter of promotions is not subject to arbitration under the prior or present collective bargaining agreements and remains a matter within the discretion of the board which cannot lawfully be delegated to an arbitrator or limited by a collective bargaining agreement.

■■■ Therefore, we hold the Uniform Arbitration Act does not provide the exclusive remedy for restraining arbitration, and an arbitrator must defer to the courts when there is a question concerning the delegation of authority to enter into a collective bargaining agreement.

■■ The union also contends the court erred by accepting the board's petition for injunction and motion for preliminary injunction as part of the ongoing litigation between the parties rather than awaiting the opening of a new case. The union states the issue in the present case arose out of a different bargaining agreement than that of the principal case and suggests the board "arrogated to itself the assignment responsibilities of the presiding judge." Therefore, the board should have presented its petition to the circuit court as a new action.

Even assuming the board's petition was not properly includable within the principal case over which the court had retained jurisdiction, there has been no allegation of bad faith on the part of the board or prejudice to the union.

It is important to note the union appeared, filed responsive pleadings, and participated in all hearings. The union's contention does not go to the court's jurisdiction to hear the case, and absent a showing of prejudice, any error which might have occurred is clearly harmless error which is not sufficient for setting aside the order of the trial court.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.