FRANK VITALE *et al.*, Plaintiffs-Appellants, *v.* JAMES J. DORGAN *et al.*, Defendants-Appellees.—(TOM-JIM CORPORATION, a/k/a T-J CORPORATION, Intervening Defendant and Plaintiff-Appellee, *v.* FRANK VITALE *et al.*, Defendants-Appellants.)

(No. 74-158; ▮▮▮▮▮▮▮▮)

Second District—February 14, 1975.

Richard Husted, of Elgin, for appellants.

Biskupic & Merrill, of Oak Brook, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The proceedings in this appeal were commenced on September 18, 1973, when Frank and Theresa Vitale (plaintiffs) filed a complaint (73LM8303) under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1973, ch. 57, § 1 et seq.). The complaint alleged that plaintiffs leased a restaurant to a corporation, subsequently dissolved, and that James J.

Dorgan and Helene A. Dorgan (defendants) were in unlawful possession of the restaurant.

On September 24, 1973, the Tom-Jim corporation (corporation) filed a complaint (73MR15219) for declaratory judgment against the plaintiffs alleging it had a right to possession of the restaurant based upon a lease; that the lease contained an option to renew for a period of 5 years; and that the corporation had renewed the lease. The complaint requested the court to determine the rights of the parties and the validity of the renewal notice and to enjoin plaintiffs from interfering with the corporation's possession of the premises.

Defendants, represented by the same attorney as the corporation, raised an affirmative defense in their answer and counterclaimed by way of a declaratory judgment action. The defense and counterclaim raised the same issues as those raised in the corporation's complaint.

On October 5, 1973, the corporation petitioned to intervene in plaintiff's action. This was allowed over plaintiff's objection. The corporation's answer included an affirmative defense which was the same as defendants'. In granting leave to intervene, the court ordered the corporation's declaratory action consolidated *into* plaintiff's action and further ordered both suits to proceed under the number assigned to the forcible entry and detainer suit.

After hearing, the court, on March 15, 1974, entered an order holding against the plaintiffs in favor of the defendants and the corporation in the forcible entry and detainer action. The same order held against the plaintiffs and in favor of the defendants and the corporation with regard to their respective actions for declaratory judgment. On April 11, 1974, 27 days after entry of the order, plaintiffs filed a notice of appeal.

Pending appeal, the corporation moved this court to dismiss the appeal for plaintiff's failure to file a notice of appeal within 5 days as required by section 19 of the Forcible Entry and Detainer Act. We dismissed the forcible entry and detainer action (73LM8303) but allowed the appeal to proceed under the declaratory judgment action (73MR15219). After a review of the record and the law, we now conclude that it was improper to allow the appeal to proceed.

■■ There is no question that plaintiffs were subject to the 5-day limitation for filing a notice of appeal from the adverse ruling on their complaint. A question arises as to the time limit for appeal, however, because of the corporation's declaratory judgment action having been consolidated with plaintiff's complaint. Resolution of the question requires a determination of whether the cases were consolidated for the purpose of trial or for disposition. If the latter, the procedure for perfecting an appeal is governed by the surviving cause (*Garmisa v.*

*Garmisa,* 4 Ill.App.3d 231 (1972) ), in this instance, plaintiffs' suit for forcible detainer which lawfully requires notice of appeal to be filed within 5 days. *Hamilton Corp. v. Alexander,* 53 Ill.2d 175, 179-80 (1972).

■■ A court may consolidate actions whenever such consolidation can be done without prejudice to a substantial right. (Ill. Rev. Stat. 1973, ch. 110, § 51.) Consolidation may take one of three forms: (1) where several cases are pending involving substantially the same subject matter, the court may stay proceedings in all but one, the decision in the others being determined by that reached in one trial, thereby avoiding multiple trials on the same issue; (2) where several cases involve an inquiry into the same event in its general aspects, the cases may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been the subject of a single proceeding, the cases, by consolidation, become merged into one in which the rights of the parties are determined. (Actions consolidated in the latter manner lose their independent identity and are disposed of as one suit.) See *Black Hawk Motor Transit Co. v. Illinois Commerce Com.,* 383 Ill. 57, 67 (1943); *Lumiansky v. Tessier* 213 Mass. 182, 99 N.E. 1051, 1053-54 (1912).

■■ To determine whether the consolidation was for disposition, the test is whether the two cases might have been the subject of a single proceeding or could have been brought as one action. (*Black Hawk Motor Transit Co. v. Commerce Com.;* 1 Am. Jur. 2d *Actions* § 161 (1962).) We believe that consolidation here was for the purpose of disposition. Each case consisted of the same single issue, that being the determination of the party entitled to possession.

This conclusion is buttressed by the legislative purpose embodied in the Forcible Entry and Detainer Act. The limited appeal time required under the Act prevents unjust holding of property and assures that the rights of the parties will be promptly determined in order that the one entitled to possession may enjoy its use. To expedite the purpose, section 5 of the Act states, "No matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise * * *." Here, the corporation would not have been allowed to proceed in plaintiffs' action if it were not for the fact that its complaint was germane to the question of possession of the premises. Had the corporation not prevailed under its suit in the trial court, it would have been compelled to file a notice of appeal within 5 days. To hold otherwise would create a procedure that would not only subvert the legislative purpose but would establish precedent for circumventing the requirements

of appeal established by the Act. The same rule must also hold true for the plaintiffs.

We find that by consolidation, the corporation's declaratory judgment action was merged into the plaintiffs' cause of action for the purpose of disposition, subjecting the proceedings to the jurisdictional 5-day limitation for appeal. Plaintiffs' failure to file a timely notice of appeal therefore requires that this appeal be dismissed. In reaching this conclusion, it becomes unnecessary to rule on the motion taken with the case. The order allowing plaintiffs to proceed in this appeal was imprudently entered and is hereby vacated.

Appeal dismissed.

GUILD and RECHENMACHER, JJ., concur.