FRED E. STONE, Plaintiff-Appellant, *v.* THE CITY OF BELVIDERE *et al.*, Defendants-Appellees.

Second District (2nd Division)   No. 75-165

Opinion filed June 14, 1976.—Rehearing denied July 30, 1976.

Strom, Strom, Oakley & Ellis, of Belvidere, for appellant.

Donald L. Shriver, of Rockford, and Stanley A. Hetzler, of Belvidere, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is plaintiff's fourth appeal to this court seeking reinstatement to active duty as chief of the Belvidere police force.

Plaintiff joined the Belvidere police force in 1934 and was appointed chief in 1949. During January, 1954, upon certification, plaintiff was granted a disability pension by the Board of Trustees of the Police Pension Fund (Trustees) pursuant to section 4 of "An Act to provide for * * * a police pension fund * * *" (Ill. Rev. Stat. 1953, ch. 24, par. 895). He received a disability pension until March of 1967 when he served notice upon the Trustees that he wished reinstatement to active duty because his disability had ceased. The three previous appeals aforementioned culminated in the trial court ordering the Trustees to certify that plaintiff was no longer disabled and was able to resume the duties of police chief.

The proceedings germane to the instant suit began with the Trustees notifying the Belvidere Fire and Police Commission (Commission) of plaintiff's fitness to resume active duty. On January 22, 1974, after a hearing, the Commission reinstated plaintiff and certified him to the rank and grade of chief of police. The Commission's order required that notice of this decision be sent to the City of Belvidere (City) and to Kenneth Richardson, chief of police, neither of whom were given notice of the hearing to consider plaintiff's application for reinstatement.

On January 29, 1974, Belvidere City Council moved

"* * * that this Council takes a position that the action of the Belvidere Police and Fire Commission taken on January 22, 1974, was not within their powers and therefore it has no effect."

A newspaper quoted Richardson as saying that if plaintiff sought to enter as chief of police on February 1, he, Richardson, would order him from the office. In response to these actions, plaintiff, on January 31, 1974, filed a complaint for temporary injunction and permanent injunction naming the City and Richardson as defendants. By this action, plaintiff sought to enforce the Commission's January 22 order reinstating him. On February 8, Richardson asked leave of court to file both a third-party complaint and counterclaim to plaintiff's complaint, and was advised that

he did not need leave of court to file such complaint. On February 15, the court struck plaintiff's complaint for injunction pursuant to the City's and Richardson's motion, and plaintiff was given leave to file an amended complaint. On February 19, Richardson filed his third-party complaint and six days later the City filed its complaint for administrative review challenging the January 22 decision of the Commissioners. On February 28, plaintiff filed a complaint for declaratory judgment and mandamus instead of amending his complaint for injunction, and filed a special appearance to quash Richardson's third-party complaint and counterclaim on the grounds that dismissal of plaintiff's own complaint, prior to the filing of Richardson's complaint, had terminated all proceedings.

Thereafter, the trial court, on its own motion, consolidated for hearing all related cases then pending with the proviso that each case was to be considered a separate cause of action. Richardson amended his pleadings to include a count seeking administrative review and one seeking declaratory judgment. The court denied the plaintiff's and the Commission's motions to strike the amended pleadings. The trial court remanded the cause to the Commission for further hearing upon reasonable notice to the City and Richardson. The court found that Richardson was a proper party to the proceeding and that justice required that both the City and Richardson be given the right in the remanded hearing to present evidence and argument before the Commission. The court retained jurisdiction of the consolidated cases for the purposes of reviewing the Commission's finding upon remand.

At this second hearing in July, 1974, plaintiff testified that he applied to the Trustees for a disability pension in 1954, and to the Commission for reinstatement in 1967 and 1973. On cross-examination, he stated that he had been receiving a disability pension since January of 1954 to the date of hearing. He believed that he had applied to the Commission for a disability leave of absence and that leave was granted by the Trustees and Commission. He had, however, no corroborating documents. Plaintiff denied retiring on disability pension but admitted writing a letter in July of 1959, in which he stated, "I retired on disability pension as of January 15, 1954 some five and one half years ago * * *." The letter was signed "Fred E. Stone, Chief of Police ret on disability pension." Finally, plaintiff introduced numerous exhibits including the minutes of the Commission's meeting of January 22, 1974, showing a 3-0 vote for reinstating him as police chief.

The City introduced an ordinance which limited the number of personnel on Belvidere's police force and created one office of police chief; testimony that no vacancies existed on the police department; and testimony of a former member of the Commission who served on the

Board in 1954 when plaintiff left the force. This witness stated that when plaintiff left, the Commission advertised the opening as that of chief of police, and examined Richardson who passed the examination and was appointed police chief. He denied that Richardson was ever appointed "acting chief of police" and denied that plaintiff ever applied for any official relief. Another witness, who had been secretary of the Commission in 1954, corroborated the previous witness' testimony adding that he sent a letter to plaintiff in 1967, enclosing an opinion from the City attorney dated March 31, 1967, stating that since plaintiff took a disability pension and not temporary disability leave, he was not entitled to reinstatement under section 10—2.1—24 of the Illinois Municipal Code. Ill. Rev. Stat. 1965, ch. 24, par. 10—2.1—24.

Richardson testified to the procedure he underwent before he was appointed chief of police in 1954, stated that he has received full salary for this position, denied ever having been referred to as "acting chief of police" and asserted that he never received notice of any charges pending against him for his removal as police chief. Finally, he testified that he prepared the minutes of the Trustees' meeting in January, 1954, which minutes stated that plaintiff was put on "disability pension." Richardson stated that he did not have a copy of the document granting plaintiff leave from his duties as police chief.

At a continued hearing of the Commission in September of 1974, the City introduced a January 9, 1954, letter from Carlos Schuster, president of the Trustees, to the Commission confirming plaintiff's leave. The letter in part stated that because "* * * the police department [was] without a chief of police, [the Commission's] prompt attention in regards to the filling of this office should be given." Plaintiff introduced the following exhibits: a letter of January 5, 1954, addressed to the Commission in which two medical doctors recommended that plaintiff be given leave of absence from his duties; two letters dated January 8, 1954, addressed to the Trustees, one of which was plaintiff's application for disability pension and request for "suspension" of his duties as police chief, and the other from two medical doctors notifying the Trustees of plaintiff's physical disability necessitating the suspension of the performance of his duties as police chief "at this time."

The Board denied plaintiff's application for reinstatement without making specific findings of fact. Plaintiff then moved the trial court to reverse the second decision of the administrative agency and affirm the Commission's first decision (the January 22 order) in which he was reinstated. The court, in affirming the Commission's second order, held that the evidence could sustain a finding that plaintiff never made an application for disability leave of absence (as distinguished from disability retirement) and that under the statute he is not entitled to return

to his position from a "leave" status which he was never granted. The court, on its own motion, dismissed all other pending actions.

Plaintiff appeals contending that the court erred in (1) allowing Richardson to file his third-party complaint, and in consolidating all pleadings; (2) affirming the decision of the Commission; and (3) dismissing on its own motion plaintiff's complaint for declaratory judgment and petition for mandamus.[1]

Plaintiff's objection to the third-party complaint arises from the fact that plaintiff's complaint for injunction was dismissed with leave to amend prior to the filing of Richardson's response. We need not decide this issue. Plaintiff never challenged the City's pleadings or status and the remand for the second hearing was based upon the City's complaint for administrative review. All other causes of action, including the third-party complaint, were consolidated, continued generally pending the outcome of this hearing, and eventually dismissed on the court's own motion. Since no action was taken on the third-party complaint, no harm inured to plaintiff by virtue of its being allowed to be filed.

■■ Plaintiff's argument that the trial court erred in consolidating all related causes of action before it (actions for administrative review, declaratory judgment, and mandamus) is premised on the fact that administrative review is governed by a separate procedural statute involving legal concepts different from those of the other actions. Section 51 of the Civil Practice Act provides that:

> "* * * [A]ctions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." (Ill. Rev. Stat. 1973, ch. 110, par. 51.)

Consolidation of separate causes for trial is discretionary with the trial court and where separate causes are of the same nature, arise from the same act or event, involve the same or like issues and depend largely upon the same evidence, consolidation is not an abuse of discretion. *Peck v. Peck*, 16 Ill. 2d 268, 275 (1959); *Washer v. Tanner*, 100 Ill. App. 2d 157, 158 (1968).

In the instant case, the various actions concerned one central issue: whether plaintiff was entitled to reinstatement as police chief. Trial on the merits in each action would have involved proof on the same question—whether plaintiff's leave in 1954 was a disability leave of absence or disability retirement. Plaintiff has not pointed out to this court, nor does the record reveal, any prejudice to plaintiff's rights as a result of consolidation. We note, in addition, that the trial court specifically stated

---

[1] A fourth issue raised concerns the denial of plaintiff's various motions for a change of venue, but that issue was waived by plaintiff and his counsel during oral argument of the case in this court.

834

that although the actions were consolidated all pleadings were to be considered as separate causes of action in the same lawsuit, thereby preserving any relevant distinction among the three causes. We find that the trial court did not abuse its discretion by consolidating the cases.

Plaintiff contends that the administrative order of the Commission was against the manifest weight of the evidence and urges this court to reverse the order of the trial court affirming the Commission's decision. Section 11 of the Administrative Review Act states that "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." (Ill. Rev. Stat. 1973, ch. 110, par. 274.) On administrative review, the court does not reevaluate the evidence; its function is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. *DeGrazio v. Civil Service Com.*, 31 Ill. 2d 482, 489 (1964); *Chambliss v. Board of Fire & Police Commissioners*, 20 Ill. App. 3d 24, 26 (1974).

Plaintiff contends he is entitled to reinstatement by virtue of sections 10—2.1—23 and 10—2.1—24 of the Illinois Municipal Code. These sections state:

"A person holding a position in a fire or police department who is injured while in the performance of his duties and because of such injury is temporarily unable to continue to perform his duties * * * shall, upon written application to the board, be granted a disability * * *leave * * *." Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—23.

"A person who has been on disability * * * leave granted by the board and who wishes to return to active duty in his certified position shall be credited with seniority for the period of such a leave and, if otherwise qualified, shall be reinstated to his certified position at the rank or grade held at the start of the leave, not more than 60 days after his written request for reinstatement is filed with the board." Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—24.

To determine whether these sections were applicable it is first necessary to establish plaintiff's status upon leaving the police force. Plaintiff argues the following evidence supports the position that his leave was upon temporary absence rather than retirement: the letter of January 5, 1954, addressed to the Commission, in which two medical doctors recommended he be given leave of absence; two letters, dated January 8, 1954, one, addressed to the Trustees, wherein plaintiff made application for disability pension and requested "suspension," and the other, a letter from two doctors notifying the Trustees of plaintiff's physical disability which necessitated his "suspension." Contradicting plaintiff's position and supporting the view that he had actually taken retirement is the following

evidence: plaintiff's letter, written in 1959, in which he stated that he retired on "disability pension", and which was signed by him as "Chief of Police ret on disability pension"; the letter dated January 9, 1954, from the president of the Trustees to the Commission, confirming plaintiff's disability pension and stating that because of this action the police department was without a chief of police; and Richardson's testimony that he was not appointed acting chief of police nor ever referred to as such since he assumed office. In addition, plaintiff's 13-year absence prior to his application for reinstatement suggests retirement rather than a temporary disability leave.

■■ Conflicting evidence alone is not a basis for reversing a decision of an administrative agency. (*Crowell v. Police Board*, 32 Ill. App. 3d 552, 555 (1975).) There being sufficient evidence that plaintiff had retired, we find that the Commission's refusal to reinstate plaintiff was not against the manifest weight of the evidence.

■■ Plaintiff's final argument is that the trial court erred in dismissing his complaint for declaratory judgment and petition for mandamus filed in February of 1974. Plaintiff's complaint and the City's complaint required the determination of a single issue: was plaintiff to be reinstated as chief of police. This issue was resolved by the court's decision in the City's administrative review action. It therefore became unnecessary for the court to conduct further proceedings with regard to plaintiff's complaint.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.