J. F. INCORPORATED, Plaintiff, *v.* DR. GARY VICIK *et al.*, Defendants.— (SPENGLER PLUMBING CO., INC., Plaintiff, *v.* NATIONAL CONSTRUCTION MANAGEMENT, INC., d/b/a Boatman Construction Company, Inc., *et al.*, Defendants.)—(GARY J. VICIK, M.D., *et al.*, Defendants and Petitioners-Appellants, *v.* BOATMAN CONSTRUCTION CO., INC., Defendant and Respondent-Appellee.)

Fifth District    No. 80-246

Opinion filed August 20, 1981.

James McRoberts, Jr., of East St. Louis, for appellants.

Kassly, Bone, Becker, Dix & Tillery, P. C., of Belleville (Barry D. Dix, of counsel), for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

This appeal arises from the trial court's interlocutory orders, consolidated for appeal, which invoke the jurisdiction of this court under both

Supreme Court Rules 307(a)(1) and 308 (Ill. Rev. Stat. 1979, ch. 110A, pars. 307(a)(1) and 308). The trial court found, under Rule 308, that its order involved a question of law as to which there is substantial ground for difference of opinion and identified the question of law involved as follows:

> "May a court enjoin the parties to a controversy from proceeding with a determination thereof before an arbitrator upon the same grounds that the Court could enjoin those parties from proceeding with litigation of the controversy before another court, or is the court prevented from doing so because the grounds specified in Illinois Revised Statute Chapter 10 Section 102 are exclusive?"

Section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102), referred to in the trial court's order, includes the following provision:

> "(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. That issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration." (Ill. Rev. Stat. 1979, ch. 10, par. 102(b).)

This is the sole provision in the Uniform Arbitration Act which addresses stays or injunctions in arbitration proceedings.

The record in the instant appeal discloses the following facts: Boatman Construction Company, a general contractor, contracted to build a house for the fixed price of $268,250 for Gary L. and Linda J. Vicik, owners. The contract contained a general arbitration clause, which provided that "[A]ll claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration * * * unless the parties mutually agree otherwise." The contract also provided a procedure for authorizing additional costs or changes in the house, which would add to the cost of construction.

As construction of the house neared completion, the general contractor presented the owners with bills for 90 changes in construction and claimed an additional $69,618.82. The owners disputed most of the changes, asserting that contractual procedures had not been followed.

While resolution of the disputed bills was being negotiated, four firms, some of whom were subcontractors and some of whom were materialmen, demanded foreclosure of mechanics' liens against the owners and the general contractor. These demands were made by some of the firms in original suits filed by them and by the remainder in counterclaims in pending suits. Included among the claims against the property were the following: Spengler Plumbing Company for $8,645;

Liese Lumber Company for $14, 279.89; Lickenbrock & Sons for $3,248.20; and J. F. Incorporated for $7,009.02. The general contractor then demanded arbitration of its dispute with the owners under the provision of its contract with them. Thereafter, the owners moved to consolidate the foreclosure suits and petitioned the court to enjoin the arbitration. The motion to consolidate was granted, and at the outset, the petition to enjoin the arbitration was also granted. Upon the general contractor's motion to reconsider, however, the trial court reversed itself and denied the petition for injunction. At the request of the owners, the court then certified the matter to this court under Supreme Court Rule 308.

On appeal, the owners contend that the trial court erred in denying their petition for an injunction. They argue that a court properly may refuse to compel an arbitration which involves some, but not all, of the parties to multiparty litigation. The general contractor urges that the court enforce the arbitration clause binding it and the owners. It asserts that under the provisions of the Uniform Arbitration Act, the circuit court is empowered to stay an arbitration proceeding only upon a showing that there is no agreement to arbitrate.

The only Illinois case to address the issue has established that generally, agreements to arbitrate will be enforced despite existence of claims by third parties or of pending multiparty litigation. In *Iser Electric Co. v. Fossier Builders, Ltd.* (1980), 84 Ill. App. 3d 161, 405 N.E.2d 439, a general contractor entered into a contract with homeowners for the construction of a home. The contract included a general arbitration clause. Electrical work on the home was subcontracted to the plaintiff electrical company.

Before completion of the building, the homeowners terminated their contract with the general contractor pursuant to a contract provision. The homeowners then entered into a new contract with the plaintiff electric company for completion of the electrical work on the house.

Subsequently, the electric company filed suit against both the general contractor and the homeowners, seeking damages for breach of its contracts with the homeowners and its subcontract with the general contractor. The general contractor answered the complaint and filed a counterclaim against the homeowners. The homeowners then filed a motion pursuant to section 2(d) of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102(d)) for an order to stay prosecution of the counterclaim pending arbitration and to require the general contractor to proceed by arbitration under the terms of the contract.

The trial court denied the homeowners' request to compel arbitration, finding that arbitration would not result in economy of litigation and would create the possibility of conflicting findings by the arbitrator and the court.

The appellate court reversed the order of the trial court. In so doing, it noted that the claims of the three parties arose from separate and distinct contracts: (1) the contract between the subcontractor and the general contractor, which is ancillary to the general contractor-homeowner contract, containing the arbitration clause; and (2) the contract directly between the electric company and the homeowners to complete electrical work on the home. The court found that because of the separate contracts, "[n]o determinative relationship is shown between these proceedings which is not clearly based upon different rights and obligations arising under the separate contracts." (84 Ill. App. 3d 161, 165, 405 N.E.2d 439, 442.) Therefore, the court reasoned, an arbitration decision would not be binding upon the electrical company's claim against the homeowners, and findings of a trial court or jury would not be binding upon the general contractor's claim against the homeowners under the arbitration clause of the contract. Because of the different contracts, both inconsistency of result and duplicity of proof could be avoided. Accordingly, the court ordered legal proceedings stayed and ordered the parties to the counterclaim to proceed to arbitration.

*Iser* stated the general rule that agreements to arbitrate will be enforced despite pending multiparty litigation. However, by distinguishing the circumstances it faced from cases in other jurisdictions, the court in *Iser* implicitly recognized that the result may be different where the claims of multiple parties are more "intermingled and dependent." Two cases cited in *Iser* particularly illustrate the distinction.

In *Jefferson County v. Barton-Douglas Contractors, Inc.* (Iowa 1979), 282 N.W.2d 155, the plaintiff, County of Jefferson, brought legal action against an architectural firm, an engineering firm, and various contractors and sureties seeking damages arising from construction of a county care facility. The county had entered into individual contracts with each of the contractors and the architectural firm, while the engineering firm was employed by the architect and did not have a contract with the county. The four contracts between the county and the various firms included an arbitration clause. Although they did not comply with statutory requirements relative to arbitration agreements, they were sufficient to invoke common-law principles controlling arbitration agreements. After one of the contractors filed a demand for arbitration, the county sought to have arbitration enjoined. Its petition for injunction was denied by the trial court.

On appeal, the court held that regardless of whether the arbitration agreements were generally enforceable, they should not be enforced under the circumstances presented. The court noted that the policy favoring arbitration as a means of resolving disputes occasionally conflicts with the policy favoring joinder of all related causes in order to permit

them to be resolved in one forum at one time, a policy reflected in Iowa's rules of civil procedure. In weighing the circumstances presented, the Iowa Supreme Court found that the policy favoring joinder of claims outweighed the policy favoring arbitration. The court observed that the claims of all parties arose from the same construction project and involved common issues and evidence and that duplication of effort, delay, and extra expense would be involved in multiple hearings. Further, the court recognized that the problem of shifting responsibility from parties to nonparties in each case could develop and that there was also the possibility of inconsistent results.

In *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.* (1976), 308 Minn. 20, 240 N.W.2d 551, the Minnesota Supreme Court considered the extent to which an arbitration agreement binding two of the parties should be enforced when their interests and the policies supporting arbitration are balanced against the interests of the other parties and the policies supporting joinder of parties and claims. The court refused to compel arbitration in spite of the arbitration agreement, holding that "[w]here arbitration would increase rather than decrease delay, complexity, and costs, it should not receive favored treatment." 308 Minn. 20, 24, 240 N.W.2d 551, 553.

Both of these cases are consistent with the rule as it has developed in England and as outlined in *Jefferson County v. Barton-Douglas Contractors, Inc.*:

> "The English rule is that the trial court has discretion to deny arbitration if some of the parties to the action are outside the arbitration agreement and some are within, or if some of the issues are beyond the agreement, at least when the relationships and issues are closely intertwined.
>
> ❂ ❂ ❂
>
> The prospect of multiple proceedings carrying a potential for inconsistent findings provides a basis for overriding the freedom to contract for arbitration. [Citation.] It is not sufficient to show merely that litigation might be a speedier and less expensive means of resolving the controversy." 282 N.W. 155, 159.

The Illinois courts have uniformly recognized the advantages of joinder of claims in order to promote economy of expenses of litigation and utilization of court personnel. As stated in *Lake County Forest Preserve District v. Keefe* (1977), 53 Ill. App. 3d 736, 739, 368 N.E.2d 1096, 1098: "The courts of Illinois clearly favor consolidation of causes where the same can be done as a matter of judicial economy."

We find the rationale of these authorities to be persuasive and conclude that *Iser* is distinguishable. Where an arbitration agreement involves some, but not all, of the parties to a multiparty litigation, the

policy favoring arbitration must be weighed against the policies favoring joinder of claims. Where arbitration would increase rather than decrease delay, complexity and costs, it should not receive favored treatment. However, it is not sufficient to show merely that litigation would be the speedier and more economical means of resolving controversy. It also must be shown that the issues and the relationships among the parties to the multiparty litigation are closely intermingled. Factors to be considered are whether the claims of all the parties arise from the same project and involve common issues and evidence. Also important is the possibility of inconsistent results.

When these factors are applied to the instant case, the policies favoring joinder of claims outweigh the policy favoring arbitration. The claims of the four subcontractors, who were not subject to arbitration, all arose from the same construction project which is the basis of the disputes between the general contractor and the homeowners. The claims which the subcontractors pressed in their legal actions did not arise from direct disputes between the subcontractors and either the general contractor or the homeowners but only as subsidiary claims resulting from the basic dispute between general contractor and homeowners. Therefore, all claims involve common issues and evidence. There is also the possibility of inconsistent results between the legal and arbitration forums. All issues and parties are closely intermingled, and arbitration of only a portion of the disputes would be less efficient in terms of time, expense, and complexity of issues, because in order to resolve the claims between the general contractor and homeowners by arbitration, proof of the claims of the subcontractors would be required. As to each of these factors, the instant case is distinguishable from *Iser Electric Co. v. Fossier Builders, Ltd.*

■■ We emphasize that arbitration pursuant to an arbitration agreement between parties should be enjoined only under strictly limited circumstances. A party to a valid arbitration agreement may not, in the first instance, choose between a judicial or an arbitration forum. Having chosen the responsibility of the agreement voluntarily, one normally is bound to arbitrate. (*Cf. School District No. 46 v. Del Bianco* (1966), 68 Ill. App. 2d 145, N.E.2d 25; *Travel Consultants, Inc. v. Travel Management Corp.* (D.C. Cir. 1966), 367 F.2d 334.) In the instant case, however, the homeowners did not seek to avoid the effect of the arbitration clause in the contract until the issues arising thereunder had been rendered impossibly intertwined with the subcontractors' foreclosure suits, all of which had been filed before the general contractor made its demand for arbitration. There is no indication that the homeowners disregarded the arbitration clause of their own volition. Further, we perceive no reason

why our opinion enjoining arbitration in this case will unnecessarily weaken the binding nature of arbitration agreements between parties.

■■ In enjoining arbitration, we have concluded that section 2(b) of the Uniform Arbitration Act does not provide the only grounds for a stay of arbitration. Our conclusion violates neither the spirit nor the language of the act. While the act discusses only a stay on a showing that there is no agreement to arbitrate, no language indicates that this is the exclusive basis for a stay. In *Board of Trustees v. Cook County Teachers Union, Local 1600* (1974), 22 Ill. App. 3d 1053, 318 N.E.2d 197, the court held that the Uniform Arbitration Act does not provide the exclusive remedy for restraining arbitration. There, the court determined that arbitration must defer to the courts when there is a question concerning the delegation of authority to enter into a collective bargaining agreement.

■■ An injunction in this case is equally justified. The issues and parties to whom the arbitration agreement applies have become inextricably intermingled with a multiple-party lawsuit involving parties not subject to the arbitration clause. This involvement was not instituted by or attributable to the actions of either of the parties to the arbitration agreement. Enforcement of the arbitration agreement would violate the very policy under which arbitration is favored.

Accordingly, the order of the trial court denying the homeowners' petition for injunction of the arbitration proceedings is reversed, and this case is remanded to the trial court for further proceedings.

Reversed and remanded.

JONES and HARRISON, JJ., concur.