First Division

June 9, 1997

No. 1-96-2402

BOARD OF MANAGERS OF THE ) Appeal from the 

COURTYARDS AT THE WOODLANDS ) Circuit Court

CONDOMINIUM ASSOCIATION, ) of Cook County.

 )

Plaintiff, )

 )

v. )

 )

IKO MANUFACTURING, INC., )

ZALE GROVES, INC., ZALE GROUP, )

INC., ZALE CONSTRUCTION CO., )

INC., ZALE ENTERPRISES, INC., )

 )

Defendants. )

-------------------------- )

(ZALE GROVES, INC., ZALE GROUP, )

INC., ZALE ENTERPRISES, INC., )

ZALE CONSTRUCTION CO., INC., )

 )

Third-Party )

Plaintiffs-Appellees, )

 )

v. ) 

 )

JOHNSTON ASSOCIATES INC., ) Honorable 

 ) LORETTA C. DOUGLAS,

Third-Party Defendant-Appellant,) Judge Presiding.

 )

and )

 )

IKO CHICAGO, INC., W.A. )

ANDERSON CONSTRUCTION CO., )

LENNY SZAREK, INC., PRATE )

ROOFING, INC., S.J. NITCH/ROOF )

BROKERS, INC., and ALL AMERI- )

CAN ROOFING, INC., )

 )

Third-Party Defendant.) )

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from the trial court's denial of third-party defendant Johnston Associates, Inc.'s (Johnston) motion to compel arbitration and stay the third-party claims against it.  The motion was based upon the existence of a written agreement to arbitrate.  Johnston was brought into the underlying action in March 1996, as a third-party defendant by defendant developer and its affiliated entities for potential liability to plaintiff condominium association for alleged defects in the design and construction of roofs on a condominium development.  Johnston raises the following issues:  whether the trial court erred in refusing to compel arbitration under section 2(a) of the Illinois Uniform Arbitration Act (710 ILCS 5/1 
et seq
. (West 1994)) after finding a valid agreement to arbitrate, and instead denying arbitration based on a number of factors set forth in 
J.F. Inc. v. Vicik
, 99 Ill. App. 3d 815, 426 N.E.2d 257 (1981), after finding that those factors outweighed Johnston's contractual right to arbitration and the public policy of the State of Illinois in enforcing valid arbitration agreements.

The Board of Managers of the Courtyard at the Woodlands Condominium Association (plaintiff) is the entity charged with the maintenance and upkeep of the common elements of a 128-building condominium development located in Buffalo Grove, Illinois.  The roofs of those condominiums are one of the common elements that allegedly fall under the authority of plaintiff.  Plaintiff commenced the underlying action in 1994, seeking damages for alleged defects in the design and construction of the condominium development.

In plaintiff's amended complaint, plaintiff named four entities as defendant developers:  Zale Groves, Inc., Zale Group, Inc., Zale Enterprises, Inc., and Zale Construction Co., Inc. (the Zale Defendants).  Plaintiff advanced theories of liability against the Zale Defendants based on express and implied warranties.

Plaintiff alleged that defects in the roofs on all 128 buildings in the development have resulted in cracking shingles, water leakage causing drywall damage, saturation of attic insulation and other water damage.  According to plaintiff, these defects resulted from the Zale Defendants' having provided defective shingles; failure to provide roofs that properly drain; failure to construct the roofs in conformity with steep roofing and flashing standards; failure to properly cut and fit dormer roof and wall sheathing; failure to properly install flashing and wood fascia; failure to provide ice and water shield membrane flashing; and constructing fascia with defective wood.

On March 1, 1996, the Zale Defendants filed their third-amended third-party complaint against Iko Chicago, Inc., W.A. Anderson Construction Co., Lenny Szarek, Inc., Prate Roofing, Inc., S.J. Nitch/Roof Brokers, Inc., All American Roofing, Inc. and Johnston.  The Zale Defendants premised their third-party action solely on theories of conditional contribution or indemnification, predicating each third-party defendant's liability on Zale's first being found liable to plaintiff.  The Zale Defendants did not allege any independent causes of action against any third-party defendant.

The Zale Defendants allege that they entered into a written contract with Johnston, as with most of the other third-party defendants, for work on the development.  The contract between Johnston and Zale Construction Co. is a preprinted form that includes the following provision:

"Either party may demand in writing arbitration of all claims, disputes or questions of this Contract or breach thereof in accordance with the prevailing rules of the American Arbitration Association, within reasonable time before the date legal proceedings would be barred by applicable statute of limitations, and judgment upon the award rendered by the arbitrators shall be final and may be entered in any court having jurisdiction thereof."

In count VII of the third-amended third-party complaint, the Zale Defendants allege that Johnston "entered into written contracts with Zale Groves in which [Johnston] agreed to furnish architectural and design services for the buildings."  The Zale Defendants further allege that "the actions of which plaintiff complains in its fifth amended complaint are services furnished in part by third party defendant [Johnston]."

Based upon the arbitration clause contained in its contract with Zale Construction Co., Johnston filed and served a written demand for arbitration with the American Arbitration Association on April 4, 1996.  On that same date, Johnston filed a motion to compel arbitration and stay the third-party claims against it pursuant to section 2(a) of the Illinois Uniform Arbitration Act (710 ILCS 5/1 
et seq
. (West 1994)).

The Zale Defendants, plaintiff and W.A. Anderson Construction Co. opposed Johnston's motion, relying on the decision in 
J.F. Inc. v. Vicik
, 99 Ill. App. 3d 815, 817, 426 N.E.2d 257, 259 (1981). 
 The Zale Defendants argued that Johnston's motion should be denied because the "issues in this case are inextricably intertwined, intermingled and dependent upon each other such that the issues raised in count VII cannot be severed."  The Zale Defendants also claimed that (1) they had not created the multiplicity of parties in the litigation; (2) their claim against Johnston could not proceed without a prior determination of their liability to plaintiff; and (3) the public policy favoring joinder of claims in a single judicial proceeding outweighs the public policy favoring arbitration since arbitration would be less efficient in that "the parties would be needlessly compelled to relitigate the exact same issues already adjudicated in this lawsuit."  The Zale Defendants never disputed the existence of a valid arbitration agreement. 

Johnston insisted that since there was no dispute as to the agreement to arbitrate, Johnston's motion should be granted.  In the alternative, if the trial court intended to consider the analysis adopted in 
Vicik
, Johnston argued that 
Vicik
 did not support a denial of the motion for the following reasons:  (1) 
Vicik
 has been criticized and never followed by other Illinois courts, and at least one fifth district decision has declared that 
Vicik
 is not good law; (2) the general rule enforcing arbitration agreements in a multiparty proceeding should be followed since the factors enumerated in 
Vicik
 are insufficient to override that rule in this case; and (3) only the Zale Defendants who had agreed to arbitrate (
i.e.
, Zale Construction Co.) would be exposed to duplication of effort.

During oral argument on the motion, the trial court and plaintiff raised concerns about allowing arbitration before a determination of liability in the underlying case.  The Zale Defendants argued that the 
Vicik
 ruling permits the trial court to deny Johnston's motion even in the face of a valid arbitration agreement
.

On June 11, 1996, the trial court entered its order denying Johnston's motion based on the reasoning in 
Vicik
.  While recognizing the valid arbitration agreement, the trial court nonetheless found that the "problems would be enormous" if it were to allow arbitration to proceed either before or during litigation of the underlying action.  Zale Construction Co. would be a party to the litigation and its potential liability to plaintiff would be determined without the trial court's consideration of whether the subcontractors followed Johnston's design and whether that design was the cause of the defects alleged by plaintiff.  The court noted that inconsistent results "might prejudice various other parties in this litigation.  And prejudice is one of the factors that the court is considering here in relying on its ruling."  

On appeal, we will examine whether the trial court should have ordered arbitration of the third-party claims against Johnston once it found that an agreement to arbitrate existed.  Johnston claims that the Illinois Uniform Arbitration Act (710 ILCS 5/1 
et seq
. (West 1994)) mandates that a court order arbitration if it finds that a valid arbitration agreement exists.  While we do not dispute the general rule of law that a valid agreement to arbitrate will be enforced despite pending multiparty litigation, we also recognize that prejudices and inequities might result from compelling arbitration in this case.  
J.F. Inc. v. Vicik
, 99 Ill. App. 3d 815, 817, 426 N.E.2d 257, 259 (1981). 

In 
Vicik
, a general contractor entered into a written contract with homeowners, which contained a general arbitration clause.  Before completing the project, a dispute arose between the general contractor and the homeowners.  Several subcontractors that had not been paid by the general contractor as a result of the dispute filed lawsuits to foreclose on their mechanics liens.  The general contractor filed a demand for arbitration of its dispute with the homeowners, and the homeowners sought to consolidate the foreclosure actions and stay the arbitration proceeding.

The trial court denied the homeowners' motion, and the Illinois Appellate Court reversed, holding that "[t]he issues and parties to whom the arbitration agreement applies have become inextricably intermingled with a multiple-party lawsuit involving parties not subject to the arbitration clause.  ***  Enforcement of the arbitration agreement would violate the very policy under which arbitration is favored."  
Vicik
, 99 Ill. App. 3d at 821, 426 N.E.2d at 262.  Accordingly, the 
Vicik
 court specified that arbitration may be enjoined in multiparty lawsuits under "strictly limited circumstances":

"Where an arbitration agreement involves some, but not all, of the parties to a multiparty litigation, the policy favoring arbitration must be weighed against the policies favoring joinder of claims.  Where arbitration would increase rather than decrease delay, complexity and costs, it should not receive favored treatment.  However, it is not sufficient to show merely that litigation would be the speedier and more economical means of resolving controversy.  It also must be shown that the issues and the relationships among the parties to the multiparty litigation are closely intermingled.  Factors to be considered are whether the claims of all the parties arise from the same project and involve common issues and evidence.  Also important is the possibility of inconsistent results."  
Vicik
, 99 Ill. App. 3d at 819-20, 426 N.E.2d at 261.

In sum, the 
Vicik
 court recognized that the policy favoring arbitration may give way to competing policies favoring joinder of claims in light of the following factors:  decreased delay; complexity and costs; resolution of common issues in a single forum; desirability of consistent results; and prejudicing or affecting parties who did not execute any arbitration agreement.

In this case, the 
Vicik
 factors support the trial court's denial of Johnston's motion to compel arbitration and stay certain third-party claims.  First, the Zale Defendants, like the homeowners in 
Vicik
, did not initiate the underlying lawsuit.  Rather, plaintiff condominium association filed its lawsuit against the Zale Defendants alleging roof defects resulting from improper design and/or construction and the installation of defective roofing material.  The Zale Defendants, which subcontracted the design and construction of the project, subsequently filed their third-party complaint seeking to have the subcontractors assume the liability to plaintiff in the event that plaintiff's claim against the Zale Defendants succeeded.  

Moreover, the close relationship of the parties and claims weighs in favor of enjoining the arbitration motion filed by Johnston.  The Zale Defendants' claims against Johnston and the seven other third-party defendants are expressly contingent upon and derivative of plaintiff's claims against the Zale Defendants.  All first- and third-party claims arise out of the same construction project, relate to the same alleged defects and involve the design of Johnston.  Here, as in 
Vicik
, there are inextricable interrelationships between the issues and parties.  Thus, Johnston's claims should not be severed from the underlying lawsuit pending arbitration.  The rights of all the parties may not equitably and consistently be determined in separate proceedings and instead should be adjudicated by a single trier of fact, who will determine the defendants' and third-party defendants' respective liabilities, if any, to plaintiff and among each other.  See 
Oldenburg v. Hagemann
, 159 Ill. App. 3d 631, 640, 512 N.E.2d 718, 724 (1987) ("The purpose of a third-party action is to determine the rights and liabilities of all parties before a single tribunal and upon the same evidence"). 

Finally, there would likely be an increase in costs and inefficiencies resulting from a separate arbitration proceeding in this case.  It is reasonable to conclude that if all the claims against Johnston were stayed pending arbitration, the Zale Defendants would be forced to defend claims in both proceedings arising out of nearly identical facts.  Illinois courts not only favor arbitration, as Johnston notes, but also respect the importance of principles of joinder in promoting judicial efficiency.  
See 
Lake County Forest Preserve District v. Keefe
, 53 Ill. App. 3d 736, 739, 368 N.E.2d 1096, 1098 (1977) ("The courts of Illinois clearly favor consolidation of causes where the same can be done as a matter of judicial economy").  Where the two principles conflict, the 
Vicik
 court sets forth the limited circumstances where the benefits of joinder outweigh the policies favoring arbitration.  See 
Vicik
, 
99 Ill. App. 3d at 819-20, 426 N.E.2d at 261.  In this case, the trial court correctly balanced countervailing interests and policies and concluded that arbitration should not be compelled where it would not result in any judicial economy or provide any other benefit in the underlying lawsuit.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County denying Johnston's motion.

AFFIRMED.

O'BRIEN and GALLAGHER, JJ., concur.